■ LOIS M. BRENNAN et al., Respondents, v RUTH R. FELTER et al., Appellants, et al., Defendants.—(And Another Title.) In a negligence action to recover damages for personal injuries, etc., defendants Felter appeal, as limited by their brief, from so much of a judgment of the Supreme Court,

Orange County, entered June 28, 1974, as is in favor of plaintiffs and against them, upon jury verdicts. Judgment reversed insofar as appealed from, on the law and the facts and in the interest of justice, and new trial granted as between plaintiffs and defendants Felter, initially on the issue of liability and then, if that issue is decided in plaintiffs' favor, on the issue of apportionment, with costs to abide the event, in which trial defendant Welch may participate. Although appellants, in their brief, state that their review of the damages aspect of the case reveals error, they do not rely upon any such error on this appeal. They ask, in the event of reversal, that, if a new trial is granted, it also include the issue of damages. However, since they point to no error with respect thereto, and as the amounts of the verdicts are not challenged, the issue of damages is not to be retried (see *La Rocco v Penn Cent. Transp. Co.*, 29 NY2d 666; *Joyce v Estate of Boyer*, 46 AD2d 727). The accident giving rise to the injuries occurred in June, 1970 when a vehicle operated by defendant Welch struck a vehicle operated by appellant Ruth Felter in the rear; the latter vehicle then struck one in which the female plaintiffs were occupants, causing serious injuries. There was a close issue of fact as to whether Mrs. Felter properly controlled her vehicle after the first collision. The jury found both her and Welch negligent, but apportioned their liability at 15% and 85%, respectively, thus clearly indicating that Mrs. Felter's fault, if any, was minimal. Against this background, and because the fact of inadequate insurance coverage of the defendant Welch was made known to the jury, a fact extremely prejudicial to appellants, we conclude that a new trial is required. When it became clear that Welch's limited coverage was becoming a factor in the litigation, the trial court called a conference out of the presence of the jury between the attorneys and Welch himself at which the court made it clear that it would permit no reference whatever to Welch's insurance protection. Instead, it was agreed that Welch would refer to "benefits" and "protection". This issue arose because of conflicting testimony concerning whether Welch, an Orange County employee, had been engaged in county business at the time of the accident. In a deposition given in April, 1971, 10 months after the accident, Welch indicated he had been on county business. However, he changed his story at the trial. He stated that he originally felt he would have "better benefits and protection" if the county was brought into the lawsuit. This phrase, "benefits and protection", was used at the trial no less than 14 times. Despite the trial court's commendable efforts, we cannot help but conclude that the jury saw through the semantic camouflage and realized that if Orange County was exonerated, there could not be adequate recovery for the severely injured plaintiffs by judgment against Welch alone. Fortunately, this problem will not be present on the new trial, for the jury found in favor of the county; no appeal has been taken from that portion of the judgment. Another ground urged for reversal and new trial is the alleged error in the court's charge as to the doctrine of emergency. The error was in advising the jury that the doctrine could be applied to all three drivers involved in the accident. In our view, neither Mrs. Brennan nor Welch was entitled to such a charge. The doctrine involves an "error of judgment or wrong choice of action" in an emergency situation (PJI 2:14). As to Mrs. Brennan, if the jury believed that the Felter vehicle came into her lane so suddenly that she could not avoid contact, she obviously could not have been charged with an erroneous judgment or choice. Similarly, if the jury found that Welch was proceeding at a proper distance behind Mrs. Felter, but could not avoid the collision because of the latter's sudden stop, Welch needed no help from the doctrine. The defect in applying the doctrine

to all three drivers was that it neutralized its application as to Mrs. Felter, to whom it properly applied. Martuscello, Acting P. J., Christ, Munder and Shapiro, JJ., concur.