■ ROBERT BOCCACCIO et al., Respondents, v HELEN LONGDEN, Appellant, and VINCENT D. ANDRUS, Respondent.—Appeal from so much of a judgment of the Supreme Court, entered February 28, 1977 in Madison County, upon a verdict in favor of plaintiffs, rendered at a Trial Term, as apportioned liability 100% against defendant Longden and dismissed her cross claim against defendant Andrus. This is an action based in negligence to recover for damages to plaintiffs' property. The accident occurred at the intersection of Genesee Street and South Berkey Drive in the Village of Chittenango. It is undisputed that defendant-appellant Longden's automobile, while proceeding in an easterly direction along Genesee Street, was about to make a left hand turn onto South Berkey Drive when it was struck from the rear by a tractor trailer driven by defendant Andrus. The Longden car continued on and struck plaintiffs' fence and pool. The jury found for the plaintiffs solely against appellant. It also found that appellant had no cause of action against defendant Andrus for property damage to her automobile. This appeal ensued. Appellant raises several issues urging reversal. Primarily she contends that the court erred in refusing to charge the emergency doctrine with reference to her. Specifically, she contends that after her car was struck in the rear by the heavier and faster moving tractor trailer, she was confronted with an emergency situation and, therefore, entitled to a charge of the emergency doctrine. We disagree. It is implicit in the jury's verdict that appellant was solely responsible for the collision between her car and defendant Andrus. This being so, she herself brought about the conditions in which she found herself and, consequently, was not entitled to the benefit of the emergency doctrine *(Rowlands v Parks,* 2 NY2d 64). Appellant's reliance on *Brennan v Felter* (48 AD2d 846) is misplaced. That case is factually distinguishable. We reject appellant's contentions that the

court erred in refusing to charge that if her operation of the automobile after the first collision was involuntarily caused by that impact defendant Andrus was responsible, and that the court erred in failing to incorporate the factual contentions of the parties in relation to the legal principles charged. Finally, considering the record in its entirety, we find no merit to appellant's contention that the court erred in refusing to set the verdict aside *(Marshall v Mastodon,* 51 AD2d 21). The verdict should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.