Hancock, Jr., J.
(dissenting). I would affirm. The Appellate Division properly held that an emergency charge was not warranted. The emergency doctrine is predicated on the notion that an actor confronted with a sudden and unexpected event which leaves little or no time for thought, deliberation *330 or consideration, or which reasonably causes the actor to make a quick decision without weighing alternative courses of action, cannot be judged in the same way as someone who has had a full opportunity to reflect before acting (see, Amaro v City of New York, 40 NY2d 30, 36; Ferrer v Harris, 55 NY2d 285, 292-293).
That the actor is confronted with a sudden and unexpected event does not, without more, implicate the emergency doctrine. If that were the law, an emergency charge would be required in almost every accident case because an accident by its very nature is sudden and unexpected. What justifies the charge is the effect that the sudden and unexpected event has on the actor in the particular circumstances — i.e., whether it puts the actor in a position of having to make a split second choice or decision concerning the preferred course of conduct necessary to avoid harm to the endangered party (see, Ferrer v Harris, supra, at 292-293). In such a situation, there is no negligence if the choice or decision is reasonable under the circumstances, even though the actor did not use the best judgment (see, PJI 2:14; Amaro v City of New York, supra, at 36). In this case, neither plaintiff's nor defendant’s version of the facts requires an assessment of the reasonableness of the motorman’s choice of action in the face of an emergency.
According to plaintiff, the motorman saw or should have seen plaintiff’s decedent staggering near the edge of the platform for several seconds prior to decedent’s fall onto the tracks. The train then was still 200 to 344 feet away. Had the motorman taken steps then to stop or slow down, the accident could have been avoided. The claim of negligence is that he did not do so. This claim has nothing to do with the motorman’s choice of action when confronted with an emergency. On the contrary, it involves the motorman’s failure to act some seconds before any emergency arose. That this failure undoubtedly contributed to the emergency situation which later developed does not, of course, call for an emergency charge, but actually militates against it (see, Ferrer v Harris, supra, at 293; PJI 2:14). Thus, the emergency doctrine cannot apply if plaintiff’s evidence is accepted.
Nor does defendant’s interpretation of the evidence warrant an emergency charge. According to the motorman’s testimony, he did not see decedent until he fell on the tracks when the train was so close (30 to 60 feet away) that the accident could not have been avoided. This sudden and unexpected event *331 obviously constituted an . emergency, but, as the motorman tells it, the accident was then unavoidable. The motorman was not presented with acceptable alternatives. The only course of action open to him was the one he pursued — an immediate release of the spring-loaded controller to activate the emergency brake in an effort to stop the train and prevent the injury (see, Brennan v Felter, 48 AD2d 846, 847 [emergency doctrine inapplicable where a party claims the peril arose so suddenly that the accident could not have been avoided]).
Because neither party’s version of the facts requires an assessment of the reasonableness of the motorman’s choice of action in the face of an emergency, defendant was not entitled to a charge on the emergency doctrine. Accordingly, the majority’s holding that such a charge was called for here is contrary to established precedent and inconsistent with the basic theory of the emergency doctrine.
Even assuming that a charge on foreseeability would have been preferable, any error in this regard was clearly harmless. The trial court defined reasonable care, as "that care which a reasonably prudent carrier of passengers will exercise * * * in keeping with the dangers and risks known to the carrier, or which it should reasonably have anticipated” (emphasis added). The charge on reasonable care (conveying the foreseeability concept) and the self-evident likelihood that a person staggering near the edge of a subway platform might fall onto the track (a risk of which every motorman is acutely aware) rendered any omission of a charge on foreseeability inconsequential. Similarly, any error concerning the admission of defendant’s entire rule book was harmless and provides no basis for reversal, because the rule book was never actually given to the jury.
Chief Judge Wachtler and Judges Kaye and Alexander concur with Judge Bellacosa; Judge Hancock, Jr., dissents and votes to affirm in a separate opinion in which Judges Simons and Titone concur.
Order reversed, etc.