■ BEATRICE M. ANDERSON et al., Appellants, v WILLIAM KRAUSS et al., Respondents. [612 NYS2d 521] —Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: Defendant William Krauss testified that, shortly after 6:00 P.M. on December 24, 1986, he was driving his 1986 Toyota on Semton Boulevard in Franklin Square, New York, at a speed of about 20 miles per hour. It was raining and foggy and visibility was poor. He heard his vehicle strike something in the street. He stopped his vehicle to

investigate and discovered plaintiff Beatrice Anderson lying in the street. Krauss' testimony was the sole evidence of the manner in which the accident occurred. That testimony fails to reveal that defendant driver was confronted with an emergency. Under the circumstances, there was no factual basis for instructing the jury on the emergency doctrine *(see,* PJI 2:14), and the trial court erred by delivering that instruction to the jury *(see, Hardy v Sicuranza,* 133 AD2d 138). Further, the prejudicial impact of that error was not ameliorated by general instructions concerning the driver's duty to exercise care *(cf., Green v Downs,* 27 NY2d 205). We further conclude that the trial court committed reversible error in denying plaintiffs' request that the jury be instructed that it may find that one who looks and fails to see what is there to be seen was negligent. The court did instruct the jury that the injured plaintiff, who was walking across the street when struck, was duty bound to see what could be seen, but improperly refused to deliver the same instruction concerning the standard of care owed by defendant driver. That error was not ameliorated by general instructions concerning the respective standard of care owed by each party. (Appeal from Judgment of Supreme Court, Nassau County, Collins, J.—Negligence.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.