■ JAIR SALAZAR, Appellant-Respondent, v FLOR E. OSPINA, Defendant, ROBERTA D. GREEN, Respondent-Appellant, and MARY N. TRAVIS et al., Respondents. [677 NYS2d 166] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated August 5, 1997, as granted the motion of the defendants Mary N. Travis and Yolanda Travis for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendant Roberta D. Green cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the Travis defendants which was to dismiss her cross claim insofar as asserted against the Travis defendants.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the Travis defendants payable by the plaintiff and the defendant Roberta D. Green.

The plaintiff sustained injuries while a passenger in a vehicle driven by the defendant Flor E. Ospina which crossed over into the opposing lane of traffic, striking a vehicle driven by the defendant Mary N. Travis and owned by the defendant Yolanda Travis.

The plaintiff contends that Mary N. Travis was negligent in operating her vehicle because she failed to brake, sound the horn, or reduce her speed to avoid the accident. However, Mary N. Travis was not obligated to anticipate that a car traveling in the opposite direction would cross over into her lane (*see, Palmer v Palmer,* 31 AD2d 876, *affd* 27 NY2d 945; *Gooch v Shapiro,* 7 AD2d 307, *affd* 8 NY2d 1088). Once it was established that the head-on collision was caused by the car driven by Ospina crossing into Mary N. Travis' lane of travel, it was incumbent upon the other parties to submit evidence in admissible form that her negligence contributed to the accident (*see, Eisenbach v Rogers,* 158 AD2d 792, 793). Mere speculation that she may have failed to take some unspecified measures to avoid the accident or in some other way contributed to the occurrence of the accident is insufficient to defeat a motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Bavaro v Martel,* 197 AD2d 813; *Roman v Vargas,* 182 AD2d 543).

Accordingly, Mary N. Travis and Yolanda Travis were properly granted summary judgment. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.