■ PETER ROANTREE et al., Respondents, v DAVID KURRE, Appellant. [680 NYS2d 593] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), dated October 22, 1997, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On a rainy day in September 1995 the plaintiffs were driving in the right lane of the westbound Grand Central Parkway in Queens when the plaintiff driver lost control of the car, causing it to skid from the right lane, through the middle lane, and into the left lane. The car came to a stop, intact, with part of the car in the left lane and part in the middle lane. The defendant, who was driving in the left lane, came around a curve in the roadway and struck the plaintiffs' car. The defendant moved for summary judgment on the ground that he had been faced with an emergency situation to which he had not contributed, and, therefore, he could not be held liable.

It is well settled that an emergency occurs when one is confronted with a sudden and unexpected event or combination of events not of one's own making which leave little or no time for reflection or deliberate judgment (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327). Where the facts clearly point to the negligence of one party without any fault or culpable conduct by the other, summary judgment will be granted (*see, Ferrer v Harris,* 55 NY2d 285). In response to the defendant's prima facie showing that he acted reasonably under the circumstances and was entitled to summary judgment as a matter of law, the plaintiffs failed to offer sufficient evidence of the defendant's purportedly culpable conduct to raise a triable issue of fact. Therefore, the Supreme Court erred in denying the defendant's motion, and the defendant is

entitled to dismissal of the complaint as a matter of law. Rosenblatt, J. P., Copertino, McGinity and Luciano, JJ., concur.