■ Francesca M. Mehring et al., Respondents, v Victor E. Cahill et al., Respondents, and Beverly Collins, Appellant. [707 NYS2d 125] —In an action to recover damages for personal injuries, etc., the defendant Beverly Collins appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered December 9, 1998, as denied her cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the cross motion is granted, the complaint and all cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining defendants is severed.

On December 24, 1994, the appellant was driving east on Hempstead Turnpike when a truck operated by the defendant Victor E. Cahill crossed over from the westbound lane into oncoming traffic. The truck first struck the two vehicles in front of the appellant's vehicle. The drivers of the two other vehicles, the plaintiff Francesca M. Mehring and the defendant Robert T. Kelly, lost consciousness and have no recollection of the accident. Cahill heard and/or felt, but did not see, three separate impacts. The appellant filled out an accident report stating that the truck crossed over into the eastbound lane, striking the two vehicles that were in front of her vehicle. Her vehicle then struck the second of those two vehicles.

It is well settled that an emergency occurs when one is confronted with a sudden and unexpected event or combination of events not of one's own making which leaves little or no time for reflection or deliberate judgment (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327; *Roantree v Kurre,* 255 AD2d 433). A driver confronted with an emergency situation may still be found to be at fault for the resulting accident where his or her reaction is found to be unreasonable or where the prior tortious conduct of the driver contributed to bringing about the emergency (*see, Ferrer v Harris,* 55 NY2d 285, 293; *Hentschel v Campbell Carpet Servs.,* 256 AD2d 500). The evidence submitted by the appellant in support of her cross motion established her prima facie entitlement to summary judgment. Mere

speculation that she may have failed to take some unspecified accident avoidance measures or in some other way contributed to the occurrence of the accident, without evidentiary support in the record, is insufficient to defeat a motion for summary judgment (see, Salazar v Ospina, 253 AD2d 550, 551; Williams v Econ, 221 AD2d 429, 430). Therefore, her cross motion should have been granted. Ritter, J. P., Santucci, Thompson and McGinity, JJ., concur.