(October 16, 2000)

■ Levy Abitol et al., Respondents, v Michelle A. Schiff, Appellant. [714 NYS2d 880] —In an action to recover damages for wrongful death, etc., the defendant appeals from an order of the Supreme Court, Queens County (Lonschein, J.), entered June 1, 1999, which, in effect, denied as untimely her motion to dismiss the complaint for lack of personal jurisdiction, and denied her separate cross motions for summary judgment dismissing the complaint and for an extension of time to move to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion for summary judgment dismissing the complaint and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed, with costs to the defendant.

The defendant made a prima facie showing that she was entitled to summary judgment as a matter of law. The affidavit submitted by the plaintiffs in opposition to that cross motion was insufficient to establish the existence of a triable issue of fact (*see, Bloom v La Femme Fatale,* 273 AD2d 187; *Martin v W.B. Rest.,* 269 AD2d 431). Mere speculation that the defendant may have failed to take some unspecified measure to avoid the accident, or in some other way contributed to the occurrence of the accident, without evidentiary support in the record, is insufficient to defeat a motion for summary judgment (*see,* CPLR 3212 [b]; *Mehring v Cahill,* 271 AD2d 415; *Salazar v Ospina,* 253 AD2d 550, 551). Accordingly, the defendant was entitled to summary judgment dismissing the complaint. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.