■ GEORGEANN CHAVIOUS et al., Appellants, v TRITEC ASSET MANAGEMENT, INC., et al., Respondents. [726 NYS2d 676] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated February 22, 2000, as granted the motion of the defendant Tritec Asset Management, Inc., for summary judgment dismissing the complaint insofar as asserted against it, granted the separate motion of the defendants North Shore Holdings, North Shore Holdings, Inc., Om Soni, Harish Malhotra, Allen Meek, E. Roy Berger, Joan Dobbs, Michael Dosik, Edward Samuel, and Michael Theodorakis, for summary judgment dismissing the complaint insofar as asserted against them as time-barred pursuant to CPLR 214-c (2), granted the separate motion of the defendants Island Therapy Associates, L.P., Advanced Therapy Resources, Inc., N.S.H. Management Corp., and Radiation Therapy Management, for summary judgment dismissing the complaint insofar as asserted against them as time-barred pursuant to CPLR 214-c (2), granted the separate motion of the defendant Stony Brook Radiation Oncology, P. C., for summary judgment as to it dismissing the complaint as time-barred pursuant to CPLR 214-c (2), and denied the cross motion of the plaintiffs for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the defendants appearing separately and filing separate briefs.

The plaintiffs commenced this toxic tort action on May 15, 1995, against the defendants Tritec Asset Management, Inc. (hereinafter Tritec), and Advanced Health Care Resources, Inc.

(hereinafter AHCR), alleging that the injured plaintiffs, Georgeann Chavious and Judy Hayes, were exposed to certain chemicals or other toxic substances during their course of employment at a radiation oncology treatment center in a medical arts condominium located in East Setauket. Upon learning of other entities which allegedly owned or operated the premises, the plaintiffs commenced actions against the defendant Stony Brook Radiation Oncology, P. C. (hereinafter SBRO), on August 21, 1996, and against the remaining defendants on October 30, 1996. AHCR commenced a third-party action against SBRO by summons and complaint dated April 3, 1996. The actions were consolidated by order of the Supreme Court, Suffolk County, dated June 2, 1997. All of the defendants, except AHCR, moved, and the plaintiffs cross-moved, for summary judgment. The Supreme Court granted the defendants' motions and, upon searching the record, granted summary judgment to AHCR.

The actions commenced in August 1996 and October 1996 were properly dismissed as time-barred. The plaintiffs discovered "the primary condition on which the claim is based" (*Matter of New York County DES Litig. [Wetherill v Eli Lilly & Co.],* 89 NY2d 506, 509) more than three years prior to the commencement of those actions (*see,* CPLR 214-c [2]). Indeed, in a signed communication dated December 13, 1993, the injured plaintiffs acknowledged that they had been suffering from their symptoms for over one year. The plaintiffs allege that these were temporary symptoms, and it was only in 1994 that the symptoms worsened and became a permanent condition, and that different and more severe symptoms developed. The fact that their symptoms may have worsened did not extend the Statute of Limitations (*see, Whitney v Quaker Chem. Corp.,* 90 NY2d 845; *Tarazi v Exxon Corp.,* 269 AD2d 385).

Tritec, on its motion for summary judgment, established that it was not responsible for the alleged condition which purportedly caused the plaintiffs' injuries. Pursuant to a contract with the owner, Tritec managed the common areas, not condominium Unit 1, where the plaintiffs' injuries allegedly occurred. It submitted an expert's affidavit that the air at the premises had been tested, and the mold and mildew found to be within acceptable levels. The plaintiffs' assertions in response amounted to speculation (*see, Abitol v Schiff,* 276 AD2d 571).

We note that the plaintiffs do not address the question of whether the action against Advanced Health Care Resources, Inc., was properly dismissed. Therefore, we do not consider that part of the order. Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.