■ RITA P. CALAFIORE et al., Respondents, v TIMOTHY KILEY et al., Appellants. (And Another Related Action.) [756 NYS2d 348]

—Kane, J. Appeal from an amended order of the Supreme Court (Lomanto, J.), entered December 17, 2001 in Schenectady County, which granted plaintiffs' motion for a directed verdict.

Plaintiff Rita P. Calafiore (hereinafter plaintiff) and her husband, derivatively, commenced this personal injury action seeking damages for injuries resulting from a May 29, 1997 accident wherein her vehicle was struck from behind by a vehicle operated by defendant Timothy Kiley. Minor damage was sustained by the vehicles. The key issue presented at trial was whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). After the close of proof, plaintiffs moved for a directed verdict on the 90/180 category of serious injury (*see* Insurance Law § 5102 [d]). Supreme Court reserved decision on the motion and the case was presented to the jury on the issues of negligence, along with the permanent consequential limitation of use, significant limitation of use and the 90/180 categories of serious injury. The jury concluded that plaintiff did not sustain a serious injury under any of the categories and, therefore, the negligence issue was not reached. Plaintiffs moved to set aside the verdict on the 90/180 category as against the weight of the evidence. Plaintiffs also renewed their prior motion for a directed verdict. Supreme Court granted plaintiffs' renewed motion for a directed verdict pursuant to CPLR 4401 on the 90/180 issue and ordered a new trial on the issues of negligence and damages, resulting in this appeal.

It is important to note that "a motion for a directed verdict is appropriate only 'where, based on the evidence presented, there is no rational process by which a jury could find for the non-

moving party' " (*Cross v Finch Pruyn & Co.*, 281 AD2d 836, 836 [2001]). The party opposing the motion must be afforded the benefit of "every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Notably, such a motion "should be denied where different inferences may be drawn from undisputed facts, or where the facts in a case are in dispute, or where an issue depends upon the credibility of witnesses" (8A Carmody-Wait 2d, NY Prac § 59:26; *see Fenton v Ives*, 229 AD2d 704, 705 [1996]). Applying these standards to the record herein, we find that it was not proper to direct a verdict in plaintiffs' favor.

To prevail under the 90/180 category, a plaintiff must demonstrate through competent, objective proof, a " 'medically determined injury or impairment of a non-permanent nature' (Insurance Law § 5102 [d]) which would have caused the alleged limitations on the plaintiff's daily activities" during the relevant period (*Monk v Dupuis*, 287 AD2d 187, 191 [2001]). Furthermore, the limitation of the plaintiff's activities must be "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see Sands v Stark*, 299 AD2d 642 [2002]).

Turning to the evidence, plaintiff, a homemaker, testified that, subsequent to the accident she could no longer drive, clean house, babysit her grandchildren or take long walks for exercise. Although plaintiff acknowledged that she indicated on a form filled out after the accident that she had prior chiropractic care, she contended that was a mistake and denied previously seeing a chiropractor or having any prior problems with her neck or shoulders. Plaintiff did admit, however, that some of her difficulties when walking were related to a lower back problem not caused by the accident. She also testified that she had surgery for sinus problems prior to the accident and bunion surgery two years after.

Edward Kinum, a chiropractor who began treating plaintiff after the accident, diagnosed her with, inter alia, acute cervical sprain/strain. His examinations noted the presence of muscle spasms in plaintiff's neck and shoulders. Kinum testified that the June 2, 1997 X ray of plaintiff's cervical spine showed the existence of an "old," unexplained fracture and also preexisting osteophytic spurring and mild degenerative changes unrelated to the accident. Although Kinum testified in plaintiff's favor as to the permanent consequential and significant limitation of use categories, he did not render an opinion as to the 90/180

category or testify specifically as to matters relevant to that inquiry, such as restrictions placed upon plaintiff during the applicable period or her capabilities with respect to her normal activities.

Plaintiff also presented the testimony of chiropractor Vilko Green, who conducted an independent medical examination of plaintiff on two occasions, the first of which was approximately 10 months after the accident on March 24, 1998. Green testified that, from his examination, plaintiff sustained a cervical thoracic sprain/strain, suffered from vertebrogenic headaches and lower backache. Green attributed plaintiff's injuries, excluding the lower backache, to the May 29, 1997 automobile accident. Green testified that he ascertained plaintiff's usual daily activities before the accident from eliciting her relevant medical history at the examination. Green concluded, inter alia, that plaintiff was suffering from a significant reduction or restriction in the range of motion of her neck and sustained a medically determined impairment that prevented her from performing substantially all of her usual daily activities for not less than 90 days of the first 180 days following the injury.

The record confirms that Green was the only medical expert who gave a definitive opinion as to this category. Nevertheless, the record demonstrates that, on cross-examination, Green's testimony was challenged on several pertinent points. For example, the jury was aware that, although Green stated that he reviewed some of Kinum's records, he did not examine plaintiff during the applicable time period. Green acknowledged that plaintiff's X ray revealed several preexisting medical conditions and confirmed that her degenerative arthritic conditions could themselves cause pain and stiffness in her neck. Furthermore, although Green attributed plaintiff's headaches to the accident, he admitted that his medical report expressed the opinion that some of plaintiff's "neck symptoms and muscle tension with associated headaches may be related to her chronic sinusitis." Although there was proof supporting plaintiffs' position on the 90/180 serious injury category, given all the proof in this record as to, inter alia, the nature and cause of plaintiff's symptoms and her prior medical history, we cannot agree with Supreme Court's implicit conclusion that the jury could not rationally find for defendants and, therefore, directing a verdict in plaintiffs' favor was not proper (see Fenton v Ives, 229 AD2d 704 [1996], supra).

Furthermore, although Supreme Court did not reach the merits of plaintiffs' motion to set aside the jury verdict, inasmuch as defendants are "entitled to the benefit of every

favorable inference reasonably drawn from the facts adduced at trial, we cannot conclude that the jury's verdict was against the weight of the evidence" (*Pyptiuk v Kramer*, 295 AD2d 768, 770 [2002]). Significantly, this Court cannot substitute its judgment for that of the jury and must accord considerable deference "to the jury's interpretation of the evidence and resolution of credibility issues" (*Hess v Dart*, 282 AD2d 810, 811 [2001]). Under the circumstances, we cannot conclude from the proof presented that the evidence so preponderated in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). Accordingly, the jury's verdict finding no cause of action in plaintiffs' favor as to this issue must be reinstated.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, motion for a directed verdict denied, verdict in favor of defendants reinstated and complaint dismissed.