■ DENNIS SILVERIO et al., Appellants, v JAIRO E. BETAN-
COURT et al., Defendants, and JOHN C. NG et al., Respondents.
[772 NYS2d 572]—

In an action to recover damages for personal injuries, the
plaintiffs appeal, as limited by their brief, from so much of an
order of the Supreme Court, Queens County (Golar, J.), entered

January 6, 2003, as granted the separate oral applications of the defendants John C. Ng and Carol L. Ng, the defendant Yves Crevecouer, and the defendants Alan I. Goldstein and Linda Baff, pursuant to CPLR 4401, made at the close of the plaintiffs' evidence, for judgment as a matter of law dismissing the complaint insofar as asserted against them.

Ordered that on the Court's own motion, the plaintiffs' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the oral application of the defendants John C. Ng and Carol L. Ng to dismiss the complaint insofar as asserted against them and substituting therefor a provision denying that oral application; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the complaint insofar as asserted against the defendants John C. Ng and Carol L. Ng, is reinstated, and a new trial is granted.

The trial court properly granted the oral application of the defendant Yves Crevecouer to dismiss the complaint insofar as asserted against him because the evidence demonstrated that Crevecouer had only seconds to react to an emergency situation and that he acted reasonably under the circumstances (*see Roantree v Kurre,* 255 AD2d 433 [1998]; *Yusupov v Supreme Carrier Corp.,* 240 AD2d 660 [1997]; *DiPaolo v Buono,* 235 AD2d 386 [1997]; *Madden v Mullet,* 211 AD2d 623 [1995]). The trial court also properly granted the oral application of the defendants Alan I. Goldstein and Linda Baff to dismiss the complaint insofar as asserted against them because there was no evidence that the defendant Goldstein negligently operated the vehicle owned by Baff.

However, the trial court erred in granting the oral application of the defendants John C. Ng and Carol L. Ng to dismiss the complaint insofar as asserted against them. The evidence presented at trial raised issues of fact as to whether the defendant John C. Ng, the driver of the vehicle owned by the defendant Carol L. Ng, was at fault in the happening of the accident. Accordingly, we reinstate the complaint insofar as asserted against the defendants John C. Ng and Carol L. Ng, and grant a new trial. Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.