■ FILIPP SOSSIN, Appellant, v CHARLES L. LEWIS et al., Respondents, et al., Defendants. [780 NYS2d 448]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered March 20, 2003. The order granted the motions and cross motions of defendants-respondents for summary judgment dismissing the complaint against them in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motions of defendants Charles L. Lewis, Redwood System, Inc., Robert P. Coffey, Kristen G. Coffey, Roxanne Marvasti and John C. Lambropoolos and the cross motions of defendants Dale W. Preston, Dennis L. James, James M. Smith, Ashland Chemical Co. and Michael G. McCarthy and reinstating the complaint against them and as modified the order is affirmed without costs.

Memorandum: This personal injury action arises out of a multivehicle accident on the New York State Thruway on December 5, 2000. Defendant Eric J. Crisnosky (incorrectly sued as Eric J. Arisnosky) stopped his tractor trailer while in the left driving lane in order to avoid an accident just ahead on the Thruway, and a chain-reaction accident followed. Plaintiff was the ninth vehicle involved in the accident, according to the police accident report. All defendants except Jack W. Jackson and GSA Fleet Management sought summary judgment dismissing the complaint against them. In support thereof, they contended that they were confronted with an emergency situation, i.e., the weather changed quickly and heavy snow and strong winds resulted in white-out conditions. Supreme Court agreed and granted the motions and cross motions on that ground.

We note at the outset that plaintiff's counsel conceded at oral argument of this appeal that the complaint was properly dismissed against the drivers who were able to stop their vehicles without making contact with other vehicles. We therefore affirm that part of the order dismissing the complaint against Crisnosky and defendant Aim Leasing Co., the lessor of the vehicle driven by Crisnosky, and against defendants Patrick J. Schlicht and Snorac, Inc., Schlicht's employer and the owner of the vehicle driven by Schlicht.

With respect to the remaining moving defendants (collectively, moving defendants), we conclude that there are issues of fact concerning the applicability of the emergency doctrine and the

liability of those defendants, and thus we modify the order by denying their respective motions and cross motions and reinstating the complaint against them. It is well established that the emergency doctrine applies when "one is confronted with a sudden and unexpected event or combination of events not of one's own making which leaves little or no time for reflection or deliberate judgment" (*Mehring v Cahill*, 271 AD2d 415, 415 [2000]; *see also Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326-327 [1991], *rearg denied* 77 NY2d 990 [1991]). It is also well settled, however, that the emergency doctrine does not automatically absolve a person from liability for his or her conduct. Indeed, "[a] driver confronted with an emergency situation may still be found to be at fault for the resulting accident where his or her reaction is found to be unreasonable or where the prior tortious conduct of the driver contributed to bringing about the emergency" (*Mehring* at 415; *see Lester v Chmaj*, 251 AD2d 1069, 1070 [1998]). "If, under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, then the reasonableness of the conduct in the face of the emergency is for the jury, which should be appropriately instructed" (*Rivera*, 77 NY2d at 327). Here, there are issues of fact with respect to the appropriateness of the conduct of the remaining moving defendants in light of all of the circumstances, including the severely inclement weather, and thus summary judgment is not appropriate. According to plaintiff, his vehicle was slowing to a safe stop as he approached the accident scene. His vehicle was then rear-ended, and it spun around and was propelled into the adjacent lane of traffic, where it was then hit by a tractor trailer. Based on the circumstances, a jury could find that all of the remaining moving defendants were negligent.

Although not essential to our decision, we note that the court also erred in determining that the affidavit of plaintiff's expert should be disregarded. The credentials of the expert and the factual basis for the opinions set forth in his affidavit were sufficient to warrant the court's consideration of those opinions (*see generally Matott v Ward*, 48 NY2d 455, 459 [1979]; *Woodhouse v Bombardier Motor Corp. of Am.*, 5 AD3d 1029, 1030 [2004]). Present—Hurlbutt, J.P., Scudder, Gorski and Hayes, JJ.