■ ROBERT BENFER, Appellant, v BARTON SACHS et al., Respondents. [797 NYS2d 592]—

Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered May 6, 2004 in Ulster County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this medical malpractice action to recover damages for the alleged negligence of defendant Barton Sachs, an orthopedic surgeon, in surgically implanting two titanium fusion cages in his spine. At trial, plaintiff introduced into evidence a videotape of his surgery that had been recorded by Sachs and provided to plaintiff approximately one year before trial. In addition to using the videotape to explain the surgical procedure to the jury, plaintiff's counsel elicited testimony from Sachs that the identifying number on the cages as shown in the videotape is different than the identifying number recorded in plaintiff's surgical chart. During summation, plaintiff's counsel repeatedly challenged Sachs' credibility by questioning the authenticity of the videotape and, among other things, asking "[w]as it even [plaintiff] in the video?" The jury returned a verdict in favor of Sachs.

On appeal, plaintiff argues that Sachs fraudulently misrepresented that the videotape was of plaintiff's surgery and, as a result, the jury's verdict was tainted and it should be vacated in the interest of justice. We think not. It was plaintiff who introduced the videotape, called the jury's attention to the discrepancy between the identifying numbers through his counsel's direct examination of Sachs and then moved for the videotape's admission into evidence. Significantly, plaintiff's counsel neither asked Sachs to explain the discrepancy nor presented any evidence that it was the result of misrepresentation of the videotape rather than an error in plaintiff's surgical chart. During summation, plaintiff's counsel sought to utilize the videotape to undermine Sachs' credibility by questioning its authenticity. On appeal, plaintiff cites only the discrepancy in identifying numbers and the alleged incompleteness of the videotape—the same arguments he made to the jury—to support his claim of a tainted verdict. On this record, we cannot conclude that the jury improperly resolved this issue or that defendants have perpetrated a fraud upon the court.

In view of our deferral to the jury's resolution of credibility issues and inasmuch as the medical experts based their opinions upon plaintiff's medical records and the results of MRI and CT scans and X rays, as well as the videotape, the evidence did not so preponderate in favor of plaintiff that the jury's finding could

not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Calafiore v Kiley*, 303 AD2d 816, 819 [2003]).

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.