SAMANTHA KIZIS, an Infant, by Her Father and Natural Guardian, ANGELO RIVERA, et al., Appellants, v TOI L. NEHRING et al., Respondents. (Appeal No. 1.) [811 NYS2d 509]—

Appeal from a judgment of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered July 6, 2004. The judgment, among other things, dismissed the complaint upon a jury verdict of no cause of action in a personal injury action.

It is hereby ordered that the judgment so appealed from be

and the same hereby is reversed on the law without costs, the motion is granted, the verdict is set aside, the complaint is reinstated and a new trial is granted.

Memorandum: Plaintiff Samantha Kizis, by her father and natural guardian, Angelo Rivera, and plaintiff Angelo Rivera, individually, commenced this action seeking damages for injuries sustained by Samantha when the vehicle driven by Samantha's mother, defendant Christa Kizis, in which Samantha was a passenger, was involved in a head-on collision with a vehicle driven by defendant Toi L. Nehring. It is undisputed that the Nehring vehicle crossed the double yellow centerline of a two-lane highway into the path of the Kizis vehicle. Nehring testified at trial that she crossed into the opposing lane of travel to avoid hitting "a large brown what appeared to be a bird" that was either "flying or running" toward her vehicle. The jury returned a verdict of no cause of action, and Supreme Court denied plaintiffs' motion to set aside the verdict and for judgment notwithstanding the verdict or a new trial.

We agree with plaintiffs that the court erred in charging the emergency doctrine (*see Caristo v Sanzone*, 96 NY2d 172, 175 [2001]; *see generally* PJI 2:14 [2006]). Viewing the evidence in the light most favorable to Nehring, who requested the charge (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326 [1991], *rearg denied* 77 NY2d 990 [1991]), and particularly in view of the vagueness and equivocation in the explanations of Nehring concerning the circumstances that allegedly caused her to cross into the opposing lane of travel, we conclude that there is no reasonable view of the evidence that Nehring was confronted by a "qualifying emergency" (*Caristo*, 96 NY2d at 175; *see Rivera*, 77 NY2d at 327), i.e., a sudden and unforeseeable occurrence that would have made it reasonable and prudent for Nehring to react by swerving into the opposing lane of travel and colliding head-on with an oncoming vehicle (*see Rivera*, 77 NY2d at 327; *see also Carson v De Lorenzo*, 238 AD2d 790, 790-791 [1997], *lv denied* 90 NY2d 810 [1997]; *Anderson v Krauss*, 204 AD2d 1074, 1075 [1994]). We further note that the "defect in applying the doctrine to [both] drivers was that it neutralized its application as to [Samantha's mother], to whom it properly applied" (*Brennan v Felter*, 48 AD2d 846, 847-848 [1975]).

In any event, even assuming, arguendo, that the court properly charged the emergency doctrine, we nevertheless would conclude that the court erred in denying plaintiffs' motion to set aside the verdict as against the weight of the evidence (*see* CPLR 4404 [a]). In our view, the verdict could not have been reached upon any fair interpretation of the evidence (*see gener-*

*ally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Wilson v Mary Imogene Bassett Hosp.*, 307 AD2d 748 [2003]; *Kuncio v Millard Fillmore Hosp.*, 117 AD2d 975, 976 [1986], *lv denied* 68 NY2d 608 [1986]). "It is . . . well settled . . . that the emergency doctrine does not automatically absolve a person from liability for his or her conduct" (*Sossin v Lewis*, 9 AD3d 849, 851 [2004], *amended on other grounds* 11 AD3d 1045 [2004]). "Indeed, '[a] driver confronted with an emergency situation may still be found to be at fault for the resulting accident where his or her reaction is found to be unreasonable or where the prior tortious conduct of the driver contributed to bringing about the emergency' " (*id.*, quoting *Mehring v Cahill*, 271 AD2d 415, 415 [2000]; *Ferrer v Harris*, 55 NY2d 285, 293 [1982], *mot to amend remittitur granted* 56 NY2d 737 [1982]; *Lester v Chmaj*, 251 AD2d 1069, 1070 [1998]).

Here, according to the testimony of Nehring, she either swerved her vehicle directly into the path of the oncoming vehicle, or she remained for "seconds" in the opposing lane of travel while looking in her rear-view mirror, whereupon the head-on collision occurred. We conclude that Nehring's self-described emergency, i.e., the presence of what appeared to be a bird "flying or running" toward Nehring's vehicle, would not justify or excuse such an unreasonable and imprudent reaction on the part of Nehring.

We have considered plaintiffs' remaining contentions and conclude that they are without merit.

All concur except Martoche and Pine, JJ., who dissent and vote to affirm in the following memorandum.

Martoche and Pine, JJ. (dissenting). We respectfully dissent, and would affirm the judgment. In our view, Supreme Court properly granted the request of defendant Toi L. Nehring to charge the emergency doctrine with respect to her conduct (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326-327 [1991], *rearg denied* 77 NY2d 990 [1991]; *Ferrer v Harris*, 55 NY2d 285, 292-293 [1982], *mot to amend remittitur granted* 56 NY2d 737 [1982]). The emergency doctrine "recognizes that when an actor is faced with sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera*, 77 NY2d at 327; *see Amaro v City of New York*, 40 NY2d 30, 36 [1976]). We cannot agree with the majority that "there is no reasonable view of the evidence that Nehring was

confronted by a 'qualifying emergency' . . ., i.e., a sudden and unforeseeable occurrence that would have made it reasonable and prudent for Nehring to react by swerving into the opposing lane of travel . . . ." We thus conclude that "the reasonableness of [her] conduct in the face of the emergency [was] for the jury, which [was] appropriately instructed" (*Rivera*, 77 NY2d at 327; *see Ferrer*, 55 NY2d at 292-293).

In our view, the majority's reliance on *Caristo v Sanzone* (96 NY2d 172 [2001]) is misplaced. There, the defendant driver admitted his knowledge of worsening weather conditions on the day of the accident, and thus the presence of ice on a hill was not, as a matter of law, "a sudden and unexpected emergency" (*id.* at 175). Here, Nehring testified that she saw "a large brown what appeared to be a bird," either flying or running, and that it "startled" her. She swerved away from the object because she thought "it was going to hit [her]." In our view, that testimony established Nehring's entitlement to the charge. "Except in the most egregious circumstances, it is normally left to the trier of fact to determine if a particular situation rises to the level of an emergency" (*Stevenson v Recore*, 221 AD2d 834, 834 [1995]).

We also cannot agree with the further conclusion of the majority that the court erred in denying plaintiffs' motion to set aside the verdict as against the weight of the evidence (*see* CPLR 4404 [a]). We must accord considerable deference to the "jury's interpretation of the evidence and resolution of credibility issues" (*Hess v Dart*, 282 AD2d 810, 811 [2001]; *see Calafiore v Kiley*, 303 AD2d 816, 819 [2003]) and, under the circumstances presented, we cannot conclude that the evidence so preponderated in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). While we of course agree with the majority that the emergency doctrine does not automatically absolve a person from liability for his or her conduct (*see Sossin v Lewis*, 9 AD3d 849, 851 [2004], *amended on other grounds* 11 AD3d 1045 [2004]), we note that the jury could have found that Nehring was faced with a sudden condition that she could not reasonably have anticipated, and that Nehring did not cause or contribute to the emergency by her own negligence (*see* PJI 2:14 [2006]). The jury further could have found that Nehring's response to the emergency was that of a reasonably prudent person and thus that Nehring was not negligent. "Significantly, this Court cannot substitute its judgment for that of the jury" (*Calafiore*, 303 AD2d at 819), but that in our view is precisely what the majority has done. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.