Stryker v Conners (2020 NY Slip Op 07756)





Stryker v Conners


2020 NY Slip Op 07756


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


694 CA 19-01928

[*1]GREGORY D. STRYKER, PLAINTIFF-RESPONDENT,
v
JAMES T. CONNERS AND CONNERS AND CONNERS, INC., DEFENDANTS-APPELLANTS. 






HAGELIN SPENCER LLC, BUFFALO (RICHARD J. PORTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Ontario County (John J. Ark, J.), entered April 22, 2019. The order denied defendants' motion seeking to set aside the jury verdict in part and direct judgment in defendants' favor and, in the alternative, seeking leave to reargue their motion for a directed verdict. 
It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle he was operating was rear-ended by a vehicle driven by defendant James T. Conners (defendant) and owned by defendant Conners and Conners, Inc. Following a jury trial, the jury determined that defendant was faced with a sudden condition that could not have been reasonably anticipated, but that his response to the emergency was not that of a reasonably prudent person. Defendants appeal from an order denying their posttrial motion seeking an order setting aside the verdict in part and directing a judgment in their favor pursuant to CPLR 4404 (a) or, in the alternative, granting leave to reargue their prior motion for a directed verdict pursuant to CPLR 4401. At the outset, we note that no appeal lies from an order denying a motion seeking leave to reargue, and thus that part of defendants' appeal must be dismissed (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]).
Defendants contend that Supreme Court erred in refusing to set aside that part of the verdict that was not in their favor because the jury's finding with respect to the first question on the verdict sheet, i.e., that defendant was faced with a sudden condition that could not have been reasonably anticipated, precluded a finding of negligence. Defendants further contend that, consequently, the second question on the verdict sheet, which asked whether defendant's response to the emergency was "that of a reasonably prudent person," should not have been submitted to the jury. Defendants failed to preserve those contentions for our review. Defendants did not object to the court's instructions to the jury concerning the emergency doctrine (see Healey v Greco, 174 AD2d 877, 878 [3d Dept 1991]), nor did they object to the court's use of the verdict sheet as given (see Cavallaro v Somaskanda [appeal No. 2], 280 AD2d 1002, 1003 [4th Dept 2001]; Schmidt v Buffalo Gen. Hosp., 278 AD2d 827, 828 [4th Dept 2000], lv denied 96 NY2d 710 [2001]).
We reject defendants' further contention that the verdict was inconsistent. The common-law emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance . . . , the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context . . . provided the actor has not created the emergency" (Caristo v Sanzone, 96 NY2d 172, 174 [2001] [internal quotation marks omitted]; see Lifson v City of Syracuse, 17 NY3d 492, 497 [2011]; Colangelo v Marriott, 120 AD3d 985, 986-987 [4th Dept [*2]2014]). A person facing an emergency is "not automatically absolve[d] . . . from liability" (Gilkerson v Buck, 174 AD3d 1282, 1284 [4th Dept 2019] [internal quotation marks omitted]). In determining whether the actions of a driver are reasonable in light of an emergency situation, the factfinder must consider "both the driver's awareness of the situation and his or her actions prior to the occurrence of the emergency" (id.). Thus, contrary to defendants' contention, a driver confronted with an emergency situation may still be found to be at fault for a resulting accident where, as here, his or her reaction is found to be unreasonable (see Kizis v Nehring, 27 AD3d 1106, 1108 [4th Dept 2006]; Sossin v Lewis, 9 AD3d 849, 851 [4th Dept 2004], amended on other grounds 11 AD3d 1045 [4th Dept 2004]).
We also reject defendants' contention that the court erred in refusing to set aside the verdict in part as against the weight of the evidence (see CPLR 4404 [a]). "[A] verdict may be set aside as against the weight of the evidence only if the evidence so preponderate[d] in favor of [defendants] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Killian v Captain Spicer's Gallery, LLC, 170 AD3d 1587, 1588 [4th Dept 2019], lv denied 34 NY3d 905 [2019] [internal quotation marks omitted]). Applying that principle here, we conclude that there is a fair interpretation of the evidence pursuant to which the jury could have found that defendant was negligent. The evidence established, inter alia, that defendant began to experience symptoms of illness two hours prior to the collision. His symptoms progressively worsened for two hours, and defendant became aware that he was in need of medical attention. Nevertheless, defendant continued to drive and suffered a stroke, which caused the vehicle he was driving to strike plaintiff's vehicle. Under the circumstances of this case, the evidence did not so greatly preponderate in favor of defendants that the jury's verdict could not have been reached on any fair interpretation of the evidence (see generally McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016]; Herbst v Marshall, 89 AD3d 1403, 1403 [4th Dept 2011]; Petrovski v Fornes, 125 AD2d 972, 973 [4th Dept 1986], lv denied 69 NY2d 608 [1987]).
Finally, we have reviewed defendants' remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court