Fox v McClellan (2022 NY Slip Op 03819)

Fox v McClellan

2022 NY Slip Op 03819

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.

231 CA 21-00469

[*1]JAMES A. FOX, PLAINTIFF-RESPONDENT,
v
JAMES W. MCCLELLAN, DEFENDANT-APPELLANT. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 11, 2021. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck by a vehicle operated by defendant. At the time of the accident, plaintiff was a member of a crew working on a road construction project. Defendant appeals from an order that denied his motion for summary judgment dismissing the amended complaint. We affirm.
We reject defendant's contention that Supreme Court erred in denying the motion insofar as it sought summary judgment dismissing the amended complaint based on the application of the emergency doctrine. The emergency doctrine " 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' . . . , provided the actor has not created the emergency" (Caristo v Sanzone, 96 NY2d 172, 174 [2001]). "The existence of an emergency and the reasonableness of a driver's response thereto generally constitute issues of fact" (Dalton v Lucas, 96 AD3d 1648, 1649 [4th Dept 2012]; see Andrews v County of Cayuga, 96 AD3d 1477, 1479 [4th Dept 2012]).
In support of his motion, defendant submitted, inter alia, his own deposition testimony, wherein he testified that, while he was driving northbound on the roadway in question, he observed construction work and a dump truck blocking his lane of travel. Defendant then "edged or coasted" up to the dump truck as it was backing into the southbound lane. As he passed the dump truck in the northbound lane, defendant's vehicle struck plaintiff. Defendant conceded that he never observed plaintiff before his vehicle struck plaintiff. We conclude that defendant's submissions failed to establish as a matter of law that he was confronted with a sudden and unexpected emergency situation to which he did not contribute (see White v Connors, 177 AD3d 1250, 1252 [4th Dept 2019]; Jablonski v Jakaitis, 85 AD3d 969, 970 [2d Dept 2011]; see also Anderson v Krauss, 204 AD2d 1074, 1075 [4th Dept 1994]). Thus, the court properly denied that part of defendant's motion for summary judgment dismissing the amended complaint pursuant to the emergency doctrine, regardless of the sufficiency of plaintiff's opposition papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We have considered defendant's remaining contentions and conclude that they do not warrant modification or reversal of the order.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court