■■■ EDWARD A. HALE, JR., as Administrator of the Estate of EDWARD A. HALE, Deceased, Appellant, v ODD FELLOW &

REBEKAH HEALTH CARE FACILITY et al., Respondents. [755 NYS2d 164] —Appeal from an order of Supreme Court, Niagara County (Sconiers, J.), entered June 10, 2002, which granted the motions of defendants for summary judgment dismissing the claim for punitive damages and alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for the personal injuries and wrongful death of decedent, a former resident of defendant Odd Fellow & Rebekah Health Care Facility. The accident occurred during the reconstruction of that facility when decedent fell through a three-foot by five-foot hole in the floor of a first-floor room. Defendants Ciminelli-Cowper Co., Inc., Elmwood Plumbing, Inc., Huber Construction, Inc. and Mollenberg-Betz, Inc. were involved in the reconstruction project.

Supreme Court properly granted those parts of defendants' motions seeking partial summary judgment dismissing the claim for punitive damages. "Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability (*Giblin v Murphy*, 73 NY2d 769, 772) or where the conduct is so flagrant as to transcend mere carelessness (*Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.*, 133 AD2d 1000, 1001), or where the conduct constitutes willful or wanton negligence or recklessness (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 204)" (*Rey v Park View Nursing Home*, 262 AD2d 624, 627). Defendants established as a matter of law that their conduct did not warrant the imposition of punitive damages and plaintiff failed to raise a triable issue of fact (*see Gerulaitis v Recreational Concepts*, 295 AD2d 562, 563). The court also properly granted those parts of defendants' motions seeking summary judgment dismissing the claims alleging violations of Labor Law §§ 200 and 241 (6). Plaintiff's decedent did not come within the class of persons entitled to invoke the protections afforded by those provisions of the Labor Law (*see Mordkovsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577; *Fonzi v Beishline*, 270 AD2d 912, 914). Plaintiff has not raised in his brief any challenge to the order insofar as it granted those parts of defendants' motions seeking summary judgment dismissing the claim alleging the violation of Labor Law § 240 (1) and has therefore abandoned any such challenge (*see Ciesinski v Town of Aurora*, 202 AD2d 984). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.