■ ANN MARIE BIXLER, Respondent-Appellant, v BUCKEYE PIPE LINE Co. et al., Appellants-Respondents. [765 NYS2d 396] —Appeal and cross appeal from an order of Supreme Court, Onondaga County (Carni, J.), entered November 13, 2002, which denied defendants' motion seeking summary judgment dismissing the complaint and denied plaintiff's cross motion seeking partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' motion for summary judgment in part and

dismissing the claim for punitive damages and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this personal injury action alleging, inter alia, that defendant Charles O. Weismore was negligent and reckless in rear-ending plaintiff's vehicle on a highway on-ramp, thereby causing plaintiff's vehicle to collide with another vehicle and a concrete abutment. Supreme Court erred in denying that part of defendants' motion seeking summary judgment dismissing the claim for punitive damages. Defendants established that Weismore was traveling at approximately 35 miles per hour and had not encountered any icy conditions on the road until he applied his brakes in an effort to avoid colliding with plaintiff's vehicle and two other vehicles that were stopped on the highway due to the icy conditions. Defendants further established that none of the vehicles were visible to Weismore until he reached the top of the on-ramp and that plaintiff's vehicle was approximately four to six car lengths ahead of Weismore's vehicle when Weismore saw plaintiff's vehicle slowing in an effort to avoid the other two vehicles. " 'Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness' " (*Hale v Odd Fellow & Rebekah Health Care Facility*, 302 AD2d 948, 949 [2003] [internal citations omitted]). Here, defendants established as a matter of law that Weismore's "conduct did not warrant the imposition of punitive damages and plaintiff failed to raise a triable issue of fact" (*id.*).

We further conclude that the court properly denied that part of defendants' motion seeking summary judgment dismissing the negligence cause of action. Although defendants established their entitlement to judgment as a matter of law, plaintiff raised an issue of fact whether Weismore was negligent in "slamming on" the brakes when he knew that doing so would cause the front wheels of the vehicle he was driving to lock up, thereby causing the vehicle to slide (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Moreover, the issues whether Weismore encountered a sudden emergency and whether his conduct was reasonable in light of the circumstances present questions of fact (*see Greenwell v Moody*, 295 AD2d 954, 955 [2002]). Finally, we conclude that the court properly denied plaintiff's cross motion seeking partial summary judgment on liability. Although a rear-end collision is prima facie evidence of negligence (*see Crociata v Vasquez*, 168

AD2d 410 [1990]), here plaintiff submitted evidence, including her deposition testimony and the deposition testimony of both Weismore and the police officer who responded to the scene, that raised issues of fact whether Weismore was negligent. Thus, plaintiff failed to establish her entitlement to judgment as a matter of law (*see Harper v Corsaro,* 306 AD2d 838 [2003]; *Karram v Cirillo,* 281 AD2d 946 [2001]). We therefore modify the order by granting defendants' motion for summary judgment in part and dismissing the claim for punitive damages. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.