■ CARMELA ROVIELLO, Appellant, v SCHOOLMAN TRANSPORTATION SYSTEM, INC., et al., Respondents. [780 NYS2d 295]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), entered June 30, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when the driver of the defendants' chartered bus was forced to brake suddenly to avoid colliding with a vehicle that suddenly drove in front of the bus. The plaintiff, a passenger on the bus, was in the aisle returning to her seat from the bus's bathroom, and allegedly fell and was injured.

The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or

causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]).

The Supreme Court properly applied the emergency doctrine to the facts of this case in determining that the driver of the bus responded to the emergency in a reasonable and prudent manner. The plaintiff's conclusory arguments to the contrary were insufficient to defeat the defendants' motion for summary judgment (*see Rivas v Metropolitan Suburban Bus Auth.*, 203 AD2d 349 [1994]; *Varsi v Stoll*, 161 AD2d 590 [1990]; *see also Barath v Marron*, 255 AD2d 280 [1998]). Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.