■ RAFAEL GARCIA, Respondent, v ESPERANCA PRADO et al., Defendants, and JACQUELINE ROWE et al., Appellants. [790 NYS2d 158]—

In an action to recover damages for personal injuries, the defendants Jacqueline Rowe and Daniel Chambers appeal from an order of the Supreme Court, Kings County (Martin, J.), dated September 16, 2003, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendants Jacqueline Rowe and Daniel Chambers, and the action against the remaining defendants is severed.

The plaintiff was a passenger in a vehicle operated by the defendant Alejandro Jarmillo and owned by the defendant Esperanca Prado. Jarmillo was driving in the northbound lane of the Van Wyck Expressway when he lost control of his car as he attempted to switch lanes, and crashed into a "wall." The Jarmillo/Prado vehicle stopped perpendicular to the northbound lane of traffic and blocked about two traffic lanes. Almost immediately thereafter, the defendant Daniel Chambers, driving a vehicle owned by the defendant Jacqueline Rowe in the northbound lane closest to the "wall," struck the Jarmillo/Prado vehicle.

Rowe and Chambers established their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). Chambers was faced with an emergency situation, thus, under these circumstances, he was not obligated to exercise his best judgment and any error in judgment was not sufficient to constitute negligence (see Pena v Santana, 5 AD3d 649 [2004]; Fermin v Graziosi, 240 AD2d 365 [1997]; Gunacar v Mantione, 264 AD2d 814 [1999]; Greifer v Schneider, 215 AD2d 354 [1995]; Rivas v Metropolitan Suburban Bus Auth., 203 AD2d 349, 350 [1994]; cf. Tenczar v Milligan, 47 AD2d 773 [1975]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The plaintiff's statement in his affidavit that he heard "people" in the hospital state something to the effect that Chambers was under the influence of alcohol at the time of the accident constituted

unsubstantiated hearsay, which was insufficient to raise a triable issue of fact (*see Ventriglio v Staten Is. Univ. Hosp.*, 6 AD3d 525 [2004]; *Joseph v Hemlok Realty Corp.*, 6 AD3d 392 [2004]; *Wilbur v Wilbur*, 266 AD2d 535, 536 [1999]). Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.