■ JEREMY BOORMAN, Appellant, v MARY BOWHERS, Respondent. [811 NYS2d 534]—

Appeal from an order of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), entered December 28, 2004 in a personal injury action. The order denied plaintiff's motion for partial summary judgment on the issues of serious injury, negligence and proximate cause.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by granting that part of the motion with respect to the issue of serious injury and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when a vehicle driven by defendant crossed the center line of the highway and collided with the vehicle driven by plaintiff. We agree with plaintiff that Supreme Court erred in denying that part of his motion seeking partial summary judgment on the threshold issue whether he sustained a serious injury in the motor vehicle accident. A serious injury is defined in relevant part as a fracture (*see* Insurance Law § 5102 [d]; *Kolios v Znack*, 237 AD2d 333 [1997]; *Gonzalez v Brayley*, 199 AD2d 1013 [1993]). Plaintiff met his burden on that part of the motion by submitting the sworn report of a medical expert establishing that plaintiff fractured the lateral talus in his right ankle as a result of the accident. We thus modify the order accordingly.

We further conclude, however, that the court properly denied that part of plaintiff's motion seeking partial summary judgment on the issues of negligence and proximate cause. Although plaintiff met his initial burden on the motion by establishing that defendant's automobile crossed the center line of the highway and struck his vehicle (*see Matte v Hall*, 20 AD3d 898, 899-900 [2005]; *Wasson v Szafarski*, 6 AD3d 1182 [2004]), defendant raised a triable issue of fact by submitting evidence that she was confronted with an unanticipated emergency situation when her vehicle suddenly slid out of control due to the icy and snowy condition of the roadway (*see generally Kizis v Nehring*, 27 AD3d 1106 [2006]; *Sossin v Lewis*, 9 AD3d 849, 850-851 [2004], *amended on other grounds* 11 AD3d 1045 [2004]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.