LEMAR HUNTER, Appellant, v JUDITH GALLAND et al., Defendants, and ROCHESTER GAS AND ELECTRIC CORPORATION, Respondent. [829 NYS2d 320]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered May 23, 2006. The order, among other things, denied plaintiff's motion for leave to amend the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion for leave to amend the complaint to add a claim for punitive damages "where[, as here,] the proposed amendment is palpably without merit" (*Thone v Crown Equip. Corp.*, 27 AD3d 723, 724 [2006]). " 'Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability . . . , or where the conduct constitutes willful or wanton negligence or recklessness' " (*Hale v Odd Fellow & Rebekah Health Care Facility*, 302 AD2d 948, 949 [2003]; *see Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 203-204 [1990]; *Gauger v Ghaffari*, 8 AD3d 968 [2004]; *Bixler v Buckeye Pipe Line Co.*, 309 AD2d 1285, 1286 [2003]). Here, the alleged conduct of defendant Rochester Gas and Electric Corporation (RG & E), i.e., its failure to inform plaintiff of the presence of dangerous dogs at a residence (*see Hunter v Galland*, 35 AD3d 1152 [2006]), does not constitute willful or wanton negligence or recklessness. In view of our determination, we do not address plaintiff's further contention that the court erred in granting that part of RG & E's cross motion for a protective order. Plaintiff concedes that the documents at issue are discoverable only in the event that he is allowed to seek punitive damages. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.