■ KIM DRAPER, Respondent, v CANADA DRY BOTTLING OF NEW YORK et al., Appellants. [845 NYS2d 420]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 13, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendants' truck made contact with an SUV operated by the plaintiff on the Major Deegan Expressway in the Bronx, after the plaintiff's vehicle swerved in an attempt to avoid contact with an unidentified third vehicle which had just entered her lane of traffic. Following joinder of issue and certain disclosure, including the depositions of the plaintiff and the defendant truck driver Joe Fasce, the defendants moved for summary judgment dismissing the complaint, both upon the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and that Fasce reasonably responded to an emergency situation.

The defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that Fasce did not act negligently under the emergency circumstances presented (*see Thomas v New York City Tr. Auth.*, 37 AD3d 821 [2007]; *Roviello v Schoolman Transp. Sys., Inc.*, 10 AD3d 356 [2004]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

In light of the foregoing, we need not address the defendants' remaining contentions. Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.