# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**809**

**CA 12-00154**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

JAMES R. DALTON, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

FREDERICK J. LUCAS AND TRANSITOWNE DODGE OF
GREECE, DOING BUSINESS AS DOAN DODGE CHRYSLER,
DEFENDANTS-RESPONDENTS.

---

CELLINO & BARNES, P.C., ROCHESTER (K. JOHN WRIGHT OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (DAVID MURPHY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 12, 2011 in a personal injury action. The order, insofar as appealed from, denied the motion of plaintiff for summary judgment on the issues of negligence and proximate cause.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a vehicle operated by Frederick J. Lucas (defendant) and owned by defendant Transitowne Dodge of Greece, doing business as Doan Dodge Chrysler (Transitowne), collided with a vehicle operated by plaintiff. The collision occurred when plaintiff and defendant were driving in opposite directions on a two-lane bridge, and the vehicle driven by defendant entered plaintiff's lane of travel and collided head-on with plaintiff's vehicle. Contrary to plaintiff's contention, Supreme Court properly denied those parts of his motion with respect to the issues of negligence and proximate cause because defendants raised a triable issue of fact concerning the applicability of the emergency doctrine.

Under the emergency doctrine, " 'when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context' . . . provided the [driver] has not created the emergency" (*Caristo v Sanzone*, 96 NY2d 172, 174, quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990; *see Lifson v City of Syracuse*, 17 NY3d 492, 497). The existence of an

emergency and the reasonableness of a driver's response thereto generally constitute issues of fact (*see Patterson v Central N.Y. Regional Transp. Auth. [CNYRTA]*, 94 AD3d 1565, 1566; *Mitchell v City of New York*, 89 AD3d 1068, 1069; *Schlanger v Doe*, 53 AD3d 827, 828).

Here, plaintiff established a prima facie case of negligence by submitting evidence that defendant's vehicle crossed the center line of the roadway and struck plaintiff's vehicle head-on (*see Boorman v Bowhers*, 27 AD3d 1058, 1059; *Matte v Hall*, 20 AD3d 898, 899-900; *Stringari v Peerless Importers*, 304 AD2d 413, 413).  Defendants, however, raised an issue of fact whether defendant was faced with a sudden and unexpected situation, i.e., the icy condition of the bridge, and whether he acted reasonably under the circumstances (*see Boorman*, 27 AD3d at 1059; *Brown v Bracht*, 132 AD2d 857, 859, *lv denied* 70 NY2d 615).  In opposition to the motion, defendants submitted an affidavit in which defendant averred that the road was damp from intermittent precipitation on the day of the accident and that, from the time he left Transitowne until he reached the bridge, he did not observe or experience any slippery or icy road conditions.  According to defendant, he experienced no loss of traction or control while approaching the bridge, and there was no visible accumulation of ice or snow on the road prior to reaching the inclined portion of the bridge.  Defendant thus averred that the "icy condition on the hill was totally unanticipated."  Defendants also submitted weather records reflecting that, on the date of the accident, temperatures in the area hovered near the freezing mark, with trace precipitation throughout the day and negligible snow accumulation (.08 inches) by the time of the accident.  Plaintiff similarly testified at his deposition that, although it was "quite cold" on the date of the accident, he did not recall much precipitation that day and he did not have any difficulty maintaining traction during his drive home from work.  Defendants thus raised an issue of fact whether defendant was "confronted with a sudden unanticipated and unforeseeable icing of the bridge surface which placed him in an emergency situation" (*Brown*, 132 AD2d at 859; *cf. Bellantone v Toddy Taxi*, 307 AD2d 979, 979-980; *Smith v Perfectaire Co.*, 270 AD2d 410).

Contrary to plaintiff's further contention, we conclude that there is an issue of fact concerning the reasonableness of defendant's actions when he was faced with the purported emergency, including his alleged failure to apply the brakes upon losing control of the vehicle (*see generally Heye v Smith*, 30 AD3d 991, 992; *Bixler v Buckeye Pipe Line Co.*, 309 AD2d 1285, 1286).

Entered:  June 15, 2012                           Frances E. Cafarell
                                                  Clerk of the Court