# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**267**

**CA 12-01829**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

MONA MADAFFERI AND IVAN MADAFFERI,
AS PARENTS AND NATURAL GUARDIANS OF
ALANNA MADAFFERI, AN INFANT,
PLAINTIFFS-APPELLANTS,

V                                                                    MEMORANDUM AND ORDER

ANDREW J. HERRING, DEFENDANT,
AND PHILIP S. MYERS, DEFENDANT-RESPONDENT.

---

CELLINO & BARNES, P.C., ROCHESTER (K. JOHN WRIGHT OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

HAGELIN KENT LLC, BUFFALO (VICTOR WRIGHT OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Orleans County (James
P. Punch, A.J.), entered November 18, 2011. The order, inter alia,
denied those parts of the motion of plaintiffs for summary judgment on
the issues of proximate cause, serious injury and ownership of the
vehicle.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting those parts of the motion
for summary judgment on the issues of serious injury and ownership of
the vehicle, and as modified the order is affirmed without costs.

Memorandum: In this personal injury action arising from a one-
vehicle accident in which the vehicle struck a tree, plaintiffs appeal
from an order that, inter alia, denied those parts of their motion for
summary judgment on the issues of proximate cause, serious injury, and
defendant Philip S. Myers' ownership of the vehicle. Plaintiffs'
daughter was a passenger in the vehicle, which was driven by defendant
Andrew J. Herring and allegedly purchased by Herring from Myers. It
is undisputed that, at the time of the accident, the license plates
issued to Myers remained on the vehicle, with Myers' permission.

Plaintiffs met their burden with respect to the issue of serious
injury by submitting the sworn report of a medical expert establishing
that their daughter sustained sacral fractures as well as an L3
endplate fracture as a result of the accident, inasmuch as "[a]
serious injury is defined in relevant part as a fracture" (*Boorman v
Bowhers*, 27 AD3d 1058, 1059; *see* Insurance Law § 5102 [d]; *Hillman v
Eick*, 8 AD3d 989, 991). Herring did not oppose the motion, and Myers

failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Thus, we conclude that Supreme Court erred in denying that part of plaintiffs' motion, and we modify the order accordingly.

With respect to the issue of ownership, we note that, pursuant to Vehicle and Traffic Law § 420 (1), "[u]pon the transfer of ownership . . . of a motor vehicle . . . , its registration shall expire; and the seller . . . shall remove the number plates from the vehicle." Consequently, "[a] registered owner who transfers a vehicle without removing the license plates is estopped as against an injured third party from denying ownership" (*Dairylea Coop. v Rossal*, 64 NY2d 1, 10; *see Phoenix Ins. Co. v Guthiel*, 2 NY2d 584, 587-588; *Nelson v Alonge*, 286 App Div 921, 921).  Inasmuch as Myers admittedly left his license plates on the vehicle after purportedly transferring ownership to Herring, Myers is estopped from denying ownership of the vehicle as against plaintiffs.  The court therefore erred in denying that part of plaintiffs' motion seeking summary judgment on the issue of Myers' ownership of the vehicle, and we further modify the order accordingly.

We have considered plaintiffs' remaining contentions and conclude that they are without merit.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court