■ SUZANNE M. CONNING, Respondent, v ROBERT J. DIETRICH, Appellant, et al., Defendants. [962 NYS2d 707]—

In an action to recover damages for personal injuries, the defendant Robert J. Dietrich appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated July 15, 2011, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Robert J. Dietrich which was for summary judgment dismissing the complaint insofar as asserted against him is granted.

On the morning of August 2, 2008, the plaintiff was riding her bicycle on Route 28 in Ulster County. Although she initially rode on the paved shoulder, the plaintiff began to ride in an unpaved, gravelly area adjacent to the paved shoulder, and thereafter experienced difficulty controlling her bicycle. The plaintiff's front tire shifted and caught the edge of the paved shoulder, at which point the plaintiff fell into the path of oncoming eastbound traffic. The defendant Robert J. Dietrich, who was driving in the eastbound lane, swerved in an effort to avoid striking the plaintiff, but the plaintiff nevertheless collided with the passenger side doors of Dietrich's vehicle and allegedly sustained injuries. The plaintiff thereafter commenced this action against Dietrich, among others, alleging negligence. The Supreme Court denied that branch of Dietrich's motion which was for summary judgment dismissing the complaint insofar as against him.

The evidence submitted by Dietrich in support of his motion demonstrated, prima facie, that he was not speeding, that he did not cause the plaintiff to lose control of her bicycle and career into the lane of moving traffic, and that the entire event unfolded in a matter of seconds. Under these circumstances, Dietrich established, prima facie, that he was not at fault in the happening of the accident (see *Kenney v County of Nassau*, 93 AD3d 694, 696 [2012]; *Smit v Phillips*, 74 AD3d 782, 783 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Mere speculation that Dietrich may have failed to take some measures to avoid the accident, or that he in some other way contributed to the occurrence of the accident, was insufficient to defeat his motion (see *Kenney v County of Nassau*, 93 AD3d at 696; *Smit v Phillips*, 74 AD3d at 783; *Cancellaro v Shults*, 68 AD3d 1234, 1237 [2009]; *Trzepacz v Jara*, 11 AD3d 531, 531 [2004]; *Dearden v Tompkins County*, 6 AD3d 783, 785 [2004]).

Accordingly, the Supreme Court should have granted that

branch of Dietrich's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

In light of our determination, we need not address Dietrich's remaining contention. Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.