■ PAVEL KANDEL et al., Plaintiffs, v FN; TAXI; INC., Doing Business as FN TAXI, INC., et al., Respondents, and BRICKMAN GROUP, LTD., LLC, et al., Appellants, et al., Defendants. [27 NYS3d 605]—

In an action to recover damages for personal injuries, the defendant Brickman Group, Ltd., LLC, the defendants Metro Irrigation and Maintenance Corp., Christian Preuss, and Beau Rago, and the defendant Port Authority of New York and New Jersey separately appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated January 22, 2014, which granted the motion of the defendants FN; Taxi; Inc., and Robert Favors, Jr., for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants FN; Taxi; Inc., and Robert Favors, Jr.

Ordered that the appeals from so much of the order as granted that branch of the motion of the defendants FN; Taxi; Inc., and Robert Favors, Jr., which was for summary judgment dismissing the complaint insofar as asserted against them are dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and, it is further,

Ordered that one bill of costs is awarded to the defendants FN; Taxi; Inc., and Robert Favors, Jr., payable by the appellants appearing separately and filing separate briefs.

According to deposition testimony submitted by the parties and an investigation report prepared by police officers with the Port Authority of New York and New Jersey, on the morning of November 22, 2008, a dangerous icy condition developed along a 150-foot section of the southbound side of the Van Wyck Expressway (hereinafter the Van Wyck) within the property of John F. Kennedy International Airport (hereinafter JFK). There was no precipitation on this day and the roads were otherwise dry. The plaintiff Pavel Kandel (hereinafter the plaintiff) and the defendant Antonio Efrain Alma were involved in a minor automobile accident within the icy area of the Van Wyck. Following the accident, the plaintiff and Alma stopped their cars in the right lane of the three-lane highway. Around this time, another driver, who is not involved in this action, also lost control of his vehicle, crashed into the cement median, and came to a stop in the left lane. Meanwhile, the defendant Robert Favors, Jr., was entering the airport property on the

southbound side of the Van Wyck. After driving past a curve in the highway, he saw the other vehicles stopped in the left and right lanes. He immediately braked when he observed these vehicles, but the sheet of ice on the highway caused his vehicle, a yellow taxi, to slide. Favors lost control of the taxi and hit Alma's vehicle. The plaintiff, who was standing outside of his vehicle, was pinned in between his vehicle and Alma's vehicle.

The plaintiff, and his wife suing derivatively, commenced this action seeking damages for the injuries allegedly sustained by the plaintiff as a result of the multi-vehicle collision. The complaint alleged causes of action against Alma and Favors to recover damages for, inter alia, negligence. The complaint also asserted causes of action against the defendants Brickman Group Ltd., LLC, Metro Irrigation and Maintenance Corp., Christian Preuss, Beau Rago, and Port Authority of New York and New Jersey (hereinafter collectively the appellants), alleging that they were responsible for the maintenance of JFK's irrigation system and the spraying of water onto the Van Wyck in subfreezing temperatures on the day in question. The complaint alleged that the appellants were negligent in creating the ice that led to the accident. The appellants asserted cross claims for, inter alia, contribution and indemnification against Favors and the owner of the taxi he was driving, the defendant FN; Taxi; Inc. (hereinafter together the taxi defendants).

Following discovery and the filing of a note of issue, the taxi defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. They argued that they were entitled to judgment as a matter of law because, inter alia, Favors reacted appropriately to an emergency situation created by the presence of stopped vehicles and black ice on the highway. The appellants opposed the motion. The Supreme Court granted the taxi defendants' motion for summary judgment.

Under the emergency doctrine, when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor is not negligent if the actions taken are reasonable and prudent in the emergency context (*see Rowlands v Parks*, 2 NY2d 64, 67 [1956]; *Vargas v Akbar*, 123 AD3d 1017, 1019 [2014]; *Smit v Phillips*, 74 AD3d 782, 783 [2010]). While a driver's actions in an emergency situation usually present a triable issue of fact, "summary judgment may be granted 'when

the driver presents sufficient evidence to establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue' " (*Cancellaro v Shults*, 68 AD3d 1234, 1236 [2009], quoting *Burnell v Huneau*, 1 AD3d 758, 760 [2003]; *see Conning v Dietrich*, 105 AD3d 884, 885 [2013]).

Here, the evidence submitted by the taxi defendants in support of their motion demonstrated, prima facie, that Favors faced an emergency situation. Favors' encounter with three cars that had recently crashed on the Van Wyck and which blocked two lanes of traffic was sudden and unexpected (*see Garcia v Prado*, 15 AD3d 347, 347 [2005]; *see also Vargas v Akbar*, 123 AD3d at 1018-1019). He applied the brakes as soon as he saw these cars, but black ice on the highway caused his car to slide. Favors had no reason to suspect that ice would be present on the highway and, therefore, the presence of black ice was also sudden and unexpected (*see Dalton v Lucas*, 96 AD3d 1648, 1649 [2012]; *MacFarland v Reed*, 257 AD2d 802, 803 [1999]; *Donaldson v Kilgore*, 187 AD2d 1018, 1018 [1992]). In light of these facts and the evidence establishing that Favors was not speeding, that the events leading to Favors' collision with Alma's vehicle transpired over a matter of seconds, and that he tried to steer his taxi to avoid the other vehicles, the taxi defendants established, prima facie, that Favors was presented with an emergency situation and that he reacted as a reasonable person would under the circumstances (*see Conning v Dietrich*, 105 AD3d at 885; *Smit v Phillips*, 74 AD3d at 783; *Cancellaro v Shults*, 68 AD3d at 1237; *Garcia v Prado*, 15 AD3d at 347).

In opposition, the appellants failed to raise a triable issue of fact. Mere speculation that Favors may have failed to take some measures to avoid the accident, or that he in some other way contributed to the occurrence of the accident, was insufficient to defeat the taxi defendants' motion (*see Conning v Dietrich*, 105 AD3d at 885; *Smit v Phillips*, 74 AD3d at 783). Accordingly, the Supreme Court properly granted that branch of the taxi defendants' motion which was for summary judgment dismissing the appellants' cross claims insofar as asserted against them. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.