■ MAGDY YOUSSEF, Appellant, v ANTHONY SIRINGO et al., *Respondents.* [57 NYS3d 505]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Troia, J.), dated June 11, 2015, which, upon a jury verdict in favor of the defendants and against him on the issue of liability, awarded him damages pursuant to the parties' high-low agreement.

Ordered that the judgment is affirmed, with costs.

The plaintiff, who was operating his vehicle in the southbound lane on Manor Road in Staten Island, allegedly sustained personal injuries when the defendants' vehicle, which was proceeding in the northbound lane, suddenly crossed over into the southbound lane of traffic and collided into the plaintiff's vehicle. At trial, the operator of the defendants' vehicle testified that he lost control of his vehicle when he encountered a patch of black ice on the roadway, causing his vehicle to slide down the hill and into the plaintiff's lane of traffic. Over the plaintiff's objection, the Supreme Court charged the jury on the emergency doctrine (*see* PJI 2:14). The jury returned a verdict in favor of the defendants on the issue of liability. A judgment was entered awarding damages in favor of the plaintiff in accordance with the parties' high-low agreement. The plaintiff appeals, and we affirm.

The only issue raised by the plaintiff on this appeal is whether the Supreme Court erred in charging the emergency doctrine.

Contrary to the plaintiff's contention, "[v]iewing the evidence in the light most favorably toward giving the requested emergency doctrine instruction to the jury" (*see Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924 [1996]; *Caristo v Sanzone*, 96 NY2d 172, 175 [2001]; *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326 [1991]), there is a reasonable view of the evidence supporting the occurrence of a qualifying emergency (*see Pelletier v Lahm*, 24 NY3d 966 [2014]; *see also Caristo v Sanzone*, 96 NY2d at 175). The evidence presented at trial included a weather report showing that there was no precipitation on the date of the accident and there had been no precipitation for 10 days before the accident. The operator of the defendants' vehicle testified that he had not experienced any other icy or slippery road conditions until

the accident. He testified that he had slowed his vehicle down to five miles per hour near a curve in the road right before his vehicle hit the patch of black ice.

Although the plaintiff testified that he *did* not observe any ice on the roadway, and argued that, in any event, an *icy* condition was foreseeable given the testimony of the operator of the defendants' vehicle that he had seen water on the roadway earlier in the day, it was for the jury to determine, inter alia, whether that defendant was faced with a sudden and unforeseen emergency not of his own making (*see Pelletier v Lahm*, 24 NY3d 966 [2014]; *Caristo v Sanzone*, 96 NY2d at 174-175; *Kandel v FN; Taxi; Inc.*, 137 AD3d 980, 982 [2016]; *Dalton v Lucas*, 96 AD3d 1648 [2012]; *Gadon v Oliva*, 294 AD2d 397 [2002]).

Accordingly, the Supreme Court properly charged the jury on the emergency doctrine. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.