Baldauf v Gambino (2019 NY Slip Op 08043)





Baldauf v Gambino


2019 NY Slip Op 08043


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


968 CA 19-00720

[*1]MATTHEW BALDAUF AND ERIN BALDAUF, PLAINTIFFS-RESPONDENTS,
v
MICHAEL GAMBINO, DEFENDANT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CONNORS LLP, BUFFALO (NICHOLAS A. ROMANO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered February 22, 2019. The order denied defendant's motion for summary judgment and granted plaintiffs' cross motion for partial summary judgment on the issue of negligence. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and granting the motion in part and dismissing the complaint, as amplified by the amended bill of particulars, with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d), and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Matthew Baldauf (plaintiff) when the vehicle that he was driving was rear-ended by a vehicle driven by defendant. In their complaint, as amplified by the amended bill of particulars, plaintiffs alleged that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. Defendant appeals from an order that denied his motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for partial summary judgment on the issue of negligence.
Initially, with respect to the 90/180-day category of serious injury, we conclude that defendant met his initial burden on his motion for summary judgment. "To qualify as a serious injury under the 90/180[-day] category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . . as well as evidence that plaintiff's activities were curtailed to a great extent" (Zeigler v Ramadhan, 5 AD3d 1080, 1081 [4th Dept 2004] [internal quotation marks omitted]; see Licari v Elliott, 57 NY2d 230, 236 [1982]). Here, defendant properly relied on plaintiff's deposition testimony, which showed that plaintiff's daily activities were not significantly curtailed during the relevant time frame. Indeed, plaintiff testified that he did not miss any work due to the accident, and that after the accident his job duties did not change and his doctors did not recommend stopping work (see Licari, 57 NY2d at 233-234; Kracker v O'Connor, 158 AD3d 1324, 1325 [4th Dept 2018]; Ehlers v Byrnes, 147 AD3d 1465, 1466 [4th Dept 2017]). In response, plaintiffs did not raise an issue of fact (see Pastuszynski v Lofaso, 140 AD3d 1710, 1711 [4th Dept 2016]). We therefore modify the order accordingly.
We reject defendant's contention that Supreme Court erred in denying his motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. In support of his motion, defendant submitted affirmed reports of medical experts who examined MRI scans of plaintiff's lumbar spine and detected the presence [*2]of degenerative disc disease. Inasmuch as defendant's medical experts "fail[ed] to account for evidence that plaintiff had no complaints of pain prior to the accident" (Crane v Glover, 151 AD3d 1841, 1842 [4th Dept 2017] [internal quotation marks omitted]; see Thomas v Huh, 115 AD3d 1225, 1226 [4th Dept 2014]; Ashquabe v McConnell, 46 AD3d 1419, 1419 [4th Dept 2007]), those reports did not satisfy defendant's initial burden with respect to causation because they did not establish that plaintiff's alleged injuries were preexisting (see generally Clark v Perry, 21 AD3d 1373, 1374 [4th Dept 2005]).
We also conclude that defendant failed to meet his initial burden with respect to the permanent consequential limitation of use and significant limitation of use categories because his own submissions in support of his motion raise triable issues of fact with respect to whether plaintiff's "alleged limitations and injuries are significant or consequential" (Cuyler v Allstate Ins. Co., 175 AD3d 1053, 1054 [4th Dept 2019] [internal quotation marks omitted]; see Monterro v Klein, 160 AD3d 1459, 1460 [4th Dept 2018]; Crane, 151 AD3d at 1841-1842). In light of defendant's failure to meet his initial burden on the motion with respect to those categories of serious injury, there is no need to consider the sufficiency of plaintiffs' opposition to the motion on those issues (see Summers v Spada, 109 AD3d 1192, 1193 [4th Dept 2013]).
We reject defendant's contention that the court erred in denying his motion with respect to the issue of negligence, but we agree with defendant that the court should have denied plaintiffs' cross motion for partial summary judgment on that issue. We therefore further modify the order accordingly. Generally, "a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [nonnegligent] explanation for the accident" (Barron v Northtown World Auto, 137 AD3d 1708, 1709 [4th Dept 2016] [internal quotation marks omitted]). However, the common-law emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance . . . , the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context provided the actor has not created the emergency" (Caristo v Sanzone, 96 NY2d 172, 174 [2001] [internal quotation marks omitted]). "The existence of an emergency and the reasonableness of a driver's response thereto generally constitute issues of fact" (Dalton v Lucas, 96 AD3d 1648, 1649 [4th Dept 2012]).
Here, neither defendant nor plaintiffs are entitled to summary judgment on the issue of negligence because their own submissions "raised an issue of fact whether defendant was confronted with a sudden unanticipated and unforeseeable icing of the [road] surface which placed him in an emergency situation" (id.). There was conflicting deposition testimony about the road conditions and the weather on the day in question—i.e., whether the presence of black ice constituted a sudden and unexpected situation and whether defendant responded reasonably to that emergency. Ultimately, it is for the "jury to determine, inter alia, whether . . . defendant was faced with a sudden and unforseen emergency not of his own making" (Youssef v Siringo, 151 AD3d 911, 912 [2d Dept 2017]), and the reasonableness of defendant's response thereto (see Dalton, 96 AD3d at 1649-1650).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court